**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 03-066S |
| | : | |
| ANTHONY SIMONELLI | : | |

GOVERNMENT'S OBJECTION TO
DEFENDANT' MOTION FOR EARLY TERMINATION OF PROBATION

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and Mary E. Rogers, Assistant U.S. Attorney, and hereby objects to the Defendant's Motion For Early Termination Of Probation for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 30th day of November, 2006, I caused the Government's Objection to the Defendant's Motion For Early Termination of Probation and Accompanying Memorandum of Law to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Richard C. Bicki (#1772)
RICHARD C. BICKI, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
(401) 228-8338
FAX 274-2780
rbickiesq@aol.com

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 03-066S |
| | : | |
| ANTHONY SIMONELLI | : | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO
DEFENDANT' MOTION FOR EARLY TERMINATION OF PROBATION

The Defendant, Anthony Simonelli, has brought a motion seeking early termination of his term of supervised release. The Defendant cites as reasons his various medical conditions, yet he provides no evidence that these conditions exist. The government objects to the Defendant's motion on several grounds, including the leniency already provided to the Defendant to date. The government agreed to transfer the charges of the Defendant from the District of Maine to the District of Rhode Island, for the Defendant's convenience; the government agreed to transfer the Defendant's supervised release to the District of Rhode Island; the Probation Department has placed the Defendant on the least restrictive type of Supervised Release, called Low Intensity Supervision; the government filed a motion for a downward departure seeking a reduced sentence at the time of sentencing, and this Court granted that motion; and the Defendant's medical claims, even if proven, are not legitimate reasons for early termination of his term of supervised release.

ARGUMENT

The facts to which the Defendant pled guilty include, in part, the following:

> In March 2003, Providence DEA Task Force members were alerted that an individual was using fake names to obtain Oxycontin prescriptions from numerous pharmacies. Agents interviewed the suspect, . . . identified as William Hiller. Hiller confessed that he did in fact obtain Oxycontins under numerous fake identities. Agents

> verified with several of these pharmacies that Hiller has received thousands of OxyContins using these aliases since 2000.
>
> Hiller admitted to the agents that he moved to Rhode Island from Maine several years ago. . . . Upon moving to Rhode Island, Hiller continued to obtain OxyContin from Doctors and pharmacies using the fake identities. . . . During the last part of the conspiracy, which lasted at least 5 months, Hiller had a partner in Rhode Island, named Anthony Simonelli. Simonelli provided the seed money (approximately $10,000) that was needed to pay for the doctor's visits and the prescriptions. . . . Simonelli was paid back the seed money and then Hiller and Simonelli split the remaining proceeds equally. Simonelli also served as Hiller's driver and would transport Hiller on the deals, from Rhode Island to Maine, thus crossing state lines, affecting interstate commerce.
>
> Most of the deals occurred in Maine . . . On four or five occasions, [when a customer] did not have enough money to pay for the pills [he] gave Hiller a piece or pieces of jewelry to cover his shortfall. The largest amount of money that Hiller was short and covered the shortfall with jewelry was $1,500. Hiller gave the jewelry to Simonelli. According to Hiller's account, which Simonelli confirmed, Simonelli was a partner in the Rhode Island aspect of this conspiracy for approximately 5 months before their apprehension. Simonelli made approximately $10,000 per month as his share of the profits from the criminal activity. Law enforcement estimates that the two men provided 500 OxyContin pills a month.
>
> On April 2, 2003, a search warrant was executed at the home of Anthony Simonelli, located at 12 Job Street, Providence, Rhode Island. Inside the safe a .25 caliber Beretta firearm, serial # DAA212029, was seized along with ammunition, a safe deposit key and $760 in cash. Also located inside were 2 blue jewelry boxes with the name Diamond Connection. The Safety deposit box was also searched and approximately $30,000 in cash was seized. Both Hiller and Simonelli gave statements to law enforcement admitting their involvement.

Government's Prosecution Version

The facts show that the Defendant not only profited handsomely from his participation in the crimes, but up until the time of his arrest when he began claiming that he was too ill to drive to Maine for Court appearances, was in fact driving his co-defendant to Maine as part of the scheme.

The Defendant's claim that he has never posed a danger to the community is wide of the

mark. The drug Oxycontin is heavily regulated because it is so addictive and destructive to those addicts that will go to great risks to obtain it illegally.

The Defendant appears to assert that he is entitled to consideration because he paid the $100 special assessment against him. The Defendant has merely complied with the terms of the sentence imposed by the Court. He was required to do so. This does not entitle him to consideration. The Defendant, by his own admission at his change of plea, engaged in drug distributing activities that resulted in a personal profit of at least $50,000; yet the money found in his safety deposit box and forfeited was only $30,000.

The Defendant has already reaped the benefit of having his case transferred to the District of Rhode Island. The Defendant then asserts that he cooperated with the government. The Defendant received a motion for a downward departure that was granted by this Court, lowering his sentence from a guideline range of 37 - 46 months, to a sentence of only 24 months, in home confinement.

The Defendant has completed three of the five years of his Court ordered Supervised Release. The Defendant's supervised release is termed "Low Intensity Supervision." According to the Probation Department, the Defendant is not required to report to Probation nor does Probation even visit his home. The Defendant is merely required to mail in a monthly report that he has not violated the terms of his Supervised Release. The Defendant has been given waivers or extensions of the report requirements if he states a medical reason why he cannot comply. The Defendant's claim that he is anxious because he is required to have regular contact with Probation, when this contact consists simply of mailing a document to their address, is disingenuous at best.

The Defendant has produced no evidence of any change in circumstances. And even if the circumstances he alleges were shown to be true, they are neither circumstances to support early termination of his supervised release nor do the support a claim of relevant change in circumstances. In sum, the Defendant is on the least restrictive type of Supervised Release, has received numerous considerations from the government and this Court already, and has failed to produce legitimate or compelling reasons to terminate his Supervised Release terms prematurely.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 30th day of November, 2006, I caused the Government's Objection to the Defendant's Motion For Early Termination of Probation and Accompanying Memorandum of Law to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Richard C. Bicki (#1772)
RICHARD C. BICKI, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
(401) 228-8338
FAX 274-2780
rbickiesq@aol.com

/s/ MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov