**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 03-066S |
| | : | |
| ANTHONY SIMONELLI | : | |

GOVERNMENT'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF ITS OBJECTION TO
DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION

The Defendant, Anthony Simonelli, has filed a supplemental memorandum in support of his motion for early termination of probation. The memorandum repeats the same points raised in his first memorandum and recites information that is irrelevant to whether the Defendant is eligible for early termination of probation. The memorandum states the attorney's conclusions regarding the Defendant's medical condition; claiming that his anxiety and agoraphobia have increased since his sentencing. The motion is void of any evidence that either have increased or that, even if they have, that it rises to the level that would warrant early termination of probation. Likewise, Defendant's exhibit B, the affidavit by Dr. Mark Zimmerman, is of no assistance in this matter. First, it is evident that Dr. Zimmerman is responding to the defense attorney's letter, yet that letter was not made an exhibit so that Dr. Zimmerman's response could be viewed in context. This is problematic, especially in light of the Court's direction to defense counsel to make the Doctor providing an opinion aware that the Defendant had appeared in Court, even though he did not have to. The Court pointed out that it would place the psychiatrist in an awkward position if he were to write a letter opining that there were terrible consequences to this Defendant emanating from probation, without knowing that the Defendant was capable of appearing in a public setting

such as the courtroom. A review of Dr. Zimmerman's letter, shows that it merely states that the Doctor "*suspect[s]*" that "the toll probation has taken on [the Defendant] is likely greater than that typically experienced by others in the criminal justice system." This statement does not even rise to the level of the standard of more likely than not. It simply states that the toll may be greater. The letter does not address whether it is an undue hardship. Dr. Zimmerman also fails to provide any basis for his statement, which may explain why his opinion is so vague. There is no evidence whatsoever that Dr. Zimmerman has any basis for comparison, i.e. whether he has any experience in treating even one other member of society who has been a Defendant in the criminal justice system, or even what the conditions of the Defendant's probation entail. It further appears that Dr. Zimmerman based his opinion on a letter written by defense counsel, rather than an interview with the Defendant. The Court is left to speculate at what information was provided to the psychiatrist by defense counsel. The basis for an opinion should come from the Defendant, not his attorney. There are also no credentials supplied by the defendant regarding Dr. Zimmerman. In the copy of his letter provided to the government the address is illegible. Dr. Zimmerman's letter does note that the Defendant has been predisposed to have a low tolerance for stress. There is no indication how long this predisposition has existed, since 1996, since the sentencing? If that is the case then there are no changed circumstances regarding the Defendant. To the contrary, Dr. Zimmerman's letter notes that the medication has actually improved the Defendant's condition, albeit, minimally.

In sum, the Defendant has failed to make a showing that conditions have changed to warrant the early termination of his probation.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 18th day of January, 2007, I caused the Government's Supplemental Memorandum in Support of Its Objection to the Defendant's Motion For Early Termination of Probation to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Richard C. Bicki (#1772)
RICHARD C. BICKI, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
(401) 228-8338
FAX 274-2780
rbickiesq@aol.com

/s/MARY E. ROGERS
MARY E. ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov